IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HENRY and DANA MABRY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACT. NO.  2:16cv680-CSC |
| ) | (WO) |
| TRAVELERS HOME and MARINE ) | |
| INS. CO., *et al*., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

Plaintiffs Henry and Dana Mabry ("the Mabrys") filed this action in the Circuit Court of Montgomery County, Alabama on July 19, 2016, alleging breach of contract, bad faith delay and denial of insurance claim, negligent procurement of insurance policy, and fraud, misrepresentation and suppression against defendants Travelers Home and Marine Insurance Company ("Travelers"), the Owen Insurance Agency of Montgomery, Inc. ("the Owen Agency"), and insurance agent Doug Poe ("Poe").  On August 18, 2016, defendant Travelers removed the case to this court solely on the basis of diversity of citizenship jurisdiction.  *See* 28 U.S.C. § 1441 and 28 U.S.C. § 1332.  Defendants Poe and the Owen Agency have joined the removal.  (Docs. # 1 & 9).

A defendant may remove to federal court any civil action over which the court would have original jurisdiction.  28 U.S.C. § 1441(a).  This court has jurisdiction over actions involving citizens of different states provided that all plaintiffs are diverse from all

defendants, *see Strawbridge v. Curtiss*, 7 U.S. 267 (1806), and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(b). Pursuant to 28 U.S.C. § 636(c)(1) and M.D. Ala. LR 73.1, the parties have consented to the United States Magistrate Judge conducting all proceedings in this case and ordering the entry of final judgment.

Now pending before the court is the plaintiffs' timely motion to remand in which they argue that there is not complete diversity of the parties because the Owen Agency and Poe are proper parties in this action, are Alabama citizens or corporations, and their presence defeats diversity jurisdiction. (Doc. # 15). Travelers contends that diversity jurisdiction exists because Travelers is a foreign corporation while the Mabrys are citizens of Alabama. Travelers argues that while the Owen Agency is an Alabama corporation and Poe is a citizen of Alabama, their presence as named defendants does not defeat diversity jurisdiction because both defendants were fraudulently joined for the very purpose of destroying diversity jurisdiction. (Doc. # 3 at 2-10). Thus, Travelers argues that the court should disregard the citizenship of Poe and the Owen Agency when determining whether the case is properly removed on diversity grounds.[1] Upon consideration of the motion to remand, the briefs filed in support of and in opposition to the motion to remand, and for the reasons which follow, the court concludes that the motion to remand is due to be GRANTED, and this case remanded to the Circuit Court of Montgomery County, Alabama.

---

[1] Also pending before the court is defendant Poe's motion to dismiss (doc. # 2) and defendant Owen Agency's motion for judgment on the pleadings (doc. # 10), and the plaintiffs' motion to stay (doc. # 14). Because the court concludes that it does not have jurisdiction over this matter, it does not have jurisdiction to grant the motion to dismiss, the motion for judgment on the pleadings or motion to stay.

## II.  STANDARD OF REVIEW

"Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996) (citing 28 U.S.C. § 1441(a)), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).  "When a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed." *Henderson v. Washington National Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).  When a case is removed to federal court, a removing defendant's burden to establish federal jurisdiction is "a heavy one." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).  Any questions or doubts are to be resolved in favor of returning the matter to state court on a properly submitted motion to remand. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).

However, "[f]raudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1996).

> To establish fraudulent joinder of the non-diverse defendant, the removing party must satisfy a "heavy" burden of proving by clear and convincing evidence that: "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court."[2]

---

[2]  There is a third situation in which the Eleventh Circuit has recognized fraudulent joinder "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative

*Ullah v. BAC Home Loans Servicing LP*, 538 F. App'x 844, 845-46 (11th Cir. 2013) (footnote added). *See also Stillwell v. Allstate Ins. Co.*, 663 F. 3d 1329, 1332 (11th Cir. 2011); *Crespo v. Coldwell Banker Mortg.*, 599 F. App'x 871 (11th Cir. 2014).

"If there is *even a possibility* that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Triggs,* 154 F.3d at 1287 quoting *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440-41 (11th Cir. 1983).[3] The plaintiffs "need not have a winning case against the allegedly fraudulent defendant; [they] need only have a *possibility* of stating a valid cause of action in order for the joinder to be legitimate." *Triggs*, 154 F.3d at 1287. *See also Stillwell*, 663 F.3d at 1333. The court must "evaluate the factual allegations in the light most favorable to the plaintiff[s] and must resolve any uncertainties" in the plaintiffs' favor. *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997). Moreover, the court is "not to weigh the merits" of the plaintiffs' claims "beyond determining whether [the claim] is an arguable one under state law." *Stillwell*, 663 F.3d at 1333. Finally, when considering a fraudulent joinder claim, the court utilizes the state rather than federal pleadings standard. *Stillwell*, 663 F.3d at 1334; *Ullah*, 538 F. App'x at 846.

---

liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs*, 154 F.3d at 1287. The parties do not suggest that this type of fraudulent joinder is applicable in this case.

[3] Superseded by statute on other grounds as stated in *Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993) and *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329 (11th Cir. 2011).

### III.  DISCUSSION

Travelers asserts that the citizenship of Poe and the Owen Agency should be disregarded because the Mabrys cannot establish a cause of action against either one of these defendants, and thus, they were fraudulently joined.  Travelers is traveling under the "no cause of action" theory of fraudulent joinder.[4]  The Mabrys, on the other hand, contend that they have pled a claim of fraud in count four of the complaint and a claim of negligent procurement in count three of the complaint against Poe and the Owen Agency sufficient to establish a cause of action against each defendant.  The question for the court is whether there is any possibility that the Mabrys could maintain a fraudulent misrepresentation or suppression claim or a negligent procurement claim against the Owen Agency or Poe in state court.  Because the court concludes that there is a possibility that the state court would find that the Mabrys have stated a cause of action for negligence procurement against Poe and the Owen Agency, the court need not address whether they have stated a cause of action for fraudulent misrepresentation or suppression.

**A.  Facts as alleged in the complaint.**  In their complaint, the Mabrys allege the following facts.  On January 8, 2016, the Mabrys had a homeowners insurance policy issued by Travelers that was in full force and effect on their residence.  (Doc. # 3, Ex. 7 at 2, ¶ 9).  On January 8, 2016 and January 20, 2016, the Mabrys' residence was burglarized.  (*Id*. at 2-3, ¶ 12).  The Mabrys reported the thefts to the Montgomery Police Department and timely

---

[4] Travelers does not assert that there is outright fraud in the plaintiffs' pleadings.

notified Travelers of their losses under their insurance policy. (*Id*. at 3, ¶ 13-14).  According to the Mabrys, Travelers has "employed a series of delaying tactics that greatly protracted the processing" of their claim and "imposed extremely onerous demands on the Mabry's (sic) paperwork and for production of items that were squarely not required to be produced under the policy."  (*Id*. at ¶ 16).

> The Mabrys make the following allegations against Poe in the complaint.
>
> 20.   When Travelers issued the policy, Agent Doug Poe had the opportunity to inspect the Mabry's (sic) home and document their personal property.  Agent Poe and/or other Defendants negligently failed to do so.
>
> 21.   Travelers purported reason for denying the claim was that the Mabry's (sic) failed to provide the necessary documentation and that there were inconsistencies in some of the information provided.  The problem is that Travelers is attacking a straw man because the Mabry's (sic) provided all of the information they could, but Travelers requested irrelevant information and information that the Mabry's (sic) did not have access to.  It is unreasonable to delay and eventually deny a claim because an insured fails to comply with unreasonable and/or impossible requests for information.

(*Id*. at 4, ¶ 20-21).  The Mabrys contend that as a proximate cause of Travelers requiring unnecessary, over-burdensome and irrelevant documentation, Travelers has refused to pay their claim and they have not received compensation for their losses.  (*Id*. at ¶ 23).

**B. Negligent Procurement claim**.  In count three of the complaint, the Mabrys allege that Poe and/or the Owen Agency negligently procured the Travelers' insurance policy.

> 40.   Defendant Doug Poe and The Owen Insurance Agency of Montgomery, Inc., undertook a duty to procure and maintain a policy of insurance on the Plaintiff's (sic) dwelling and contents/personal property.

6

> 41. Defendant Doug Poe and The Owen Insurance Agency of Montgomery, Inc., was negligent and/or wanton in the procurement and/or maintenance of said policy of insurance. As a result, Plaintiffs have been damaged as described in Paragraph 23.

(Doc. # 3, Ex. 7, Compl. at 9, ¶ 40-41).

Alabama utilizes a notice pleading standard which differs markedly from federal pleading standards.

> "[T]he purpose of notice pleading is to provide defendants adequate notice of the claims against them." *Ex parte International Ref. & Mfg. Co.*, 972 So.2d 784, 789 (Ala.2007). *See also* Rule 8, ALA.R.CIV.P., Committee Comments on 1973 Adoption ("Under [Rule 8] the prime purpose of pleadings is to give notice."). "Generally, the pleadings, in and of themselves, are considered relatively unimportant because cases are to be decided on the merits." *Johnson v. City of Mobile*, 475 So.2d 517, 519 (Ala.1985).
>
>> "[Rule 8(a) ] is complied with if the claim for relief gives to the opponent fair notice of the pleader's claim and the grounds upon which it rests. *Carter v. Calhoun County Board of Education*, 345 So.2d 1351 (Ala.1977). The discovery process bears the burden of filling in the factual details. 5 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE § 1215, p. 110 (1969). A fair reading and study of the Alabama Rules of Civil Procedure lead to the determination that pleading technicalities are now largely avoided and that the pleading of legal conclusions is not prohibited, as long as the requisite fair notice is provided thereby to the opponent."
>
> *Mitchell v. Mitchell*, 506 So.2d 1009, 1010 (Ala. Civ. App.1987). Furthermore, "pleadings are to be liberally construed in favor of the pleader." *Adkison v. Thompson*, 650 So.2d 859, 862 (Ala.1994). *See also* Rule 8, ALA.R.CIV.P., Committee Comments on 1973 Adoption ("Rule 8(f) [, ALA.R.CIV.P.,] ... provides that the pleadings are to be construed liberally in favor of the pleader.").
>
> "[T]he dismissal of a complaint is not proper if the pleading contains 'even a generalized statement of facts which will support a claim for relief under

7

> [Rule] 8, [Ala. R. Civ. P.]' (Dunson v. Friedlander Realty, 369 So.2d 792, 796 (Ala.1979)), because '[t]he purpose of the Alabama Rules of Civil Procedure is to effect justice upon the merits of the claim and to renounce the technicality of procedure.' *Crawford v. Crawford*, 349 So.2d 65, 66 (Ala.Civ.App.1977)."
>
> *Simpson v. Jones*, 460 So.2d 1282, 1285 (Ala.1984).

*McKelvin v. Smith*, 85 So. 3d 386, 388–89 (Ala. Civ. App. 2010) (footnote omitted)

The notice pleading standard under Alabama law therefore is met when the claim gives the defendant fair notice of the plaintiffs' claims and the basis for the claim.  Travelers does not assert that the Mabrys have failed to meet the lenient notice pleading standard.  Rather, Travelers argues that the Mabrys cannot establish a claim of negligent procurement because of its affirmative defense of contributory negligence.  Under Alabama law, contributory negligence is a complete defense to a negligent procurement claim.  *Alfa Life Ins. Corp. v. Colza*, 159 So. 3d 1240, 1248 (Ala. 2014).  In essence, Travelers seeks a determination on the merits that the Mabrys cannot recover on their claim of negligent procurement.  At this stage of the proceedings, that is not the appropriate standard.

> The standard for evaluating whether the plaintiff can establish a cause of action against the resident defendant is very lenient: "federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law."

*Ullah*, 538 F. App'x at 846.

More importantly, however, while Travelers' relies on *Colza* to support its contributory negligence defense, it ignores that aspect of the defense that requires "undisputed evidence of a plaintiff's conscious appreciation of danger." *Colza*, 159 So. 3d

at 1249.

> With regard to establishing contributory negligence as a matter of law, this Court has stated:
>
>> "The question of contributory negligence is normally one for the jury. However, where the facts are such that all reasonable persons must reach the same conclusion, contributory negligence may be found as a matter of law. *Brown* [*v. Piggly–Wiggly Stores*, 454 So.2d 1370, 1372 (Ala.1984) ]; *see also Carroll v. Deaton, Inc.*, 555 So.2d 140, 141 (Ala.1989).
>>
>> "To establish contributory negligence as a matter of law, a defendant seeking a [judgment as a matter of law] must show that the plaintiff put himself in danger's way and that the plaintiff had a conscious appreciation of the danger at the moment the incident occurred. *See H.R.H. Metals, Inc. v. Miller*, 833 So.2d 18 (Ala.2002); *see also Hicks v. Commercial Union Ins. Co.*, 652 So.2d 211, 219 (Ala.1994). The proof required for establishing contributory negligence as a matter of law should be distinguished from an instruction given to a jury when determining whether a plaintiff has been guilty of contributory negligence. A jury determining whether a plaintiff has been guilty of contributory negligence must decide only whether the plaintiff failed to exercise reasonable care. We protect against the inappropriate use of a summary judgment to establish contributory negligence as a matter of law by requiring the defendant on such a motion to establish by undisputed evidence a plaintiff's conscious appreciation of danger. *See H.R.H. Metals, supra*."
>
> *Hannah v. Gregg, Bland & Berry, Inc.*, 840 So.2d 839, 860-61 (Ala. 2002).

*Colza*, 159 So. 3d at 1248-49.

Travelers's fraudulent joinder argument rests on the Mabrys' failure to read and appreciate the requirements of their insurance policy. The problem with this position is two-fold. First, a copy of the insurance policy is not before the court so the court has no basis for

9

determining that had the Mabrys read their policy, they would have had a conscious appreciation of what they needed to produce to Travelers to support a claim under the policy.

Secondly, Travelers asserts had the Mabrys read their insurance policy, they would have been on notice that the policy did not provide the coverage they sought from Poe and the Owen Agency.[5] But, the Mabrys' negligent procurement claim as stated in the complaint does not allege that the policy provided insufficient coverage for their property. Although the Mabrys' complaint is inartfully pled, a fair reading of the complaint shows that they are alleging that Poe and/or the Owen Agency negligently procured an insurance policy that required excessive and unnecessary documentation to support a claim and failed to take steps to ensure that the Mabrys had the requisite documentation to support an insurance claim. This negligent procurement claim is significantly different from the claim that the Mabrys did not get coverage that they sought from Poe and/or the Owen Agency. After careful consideration, the court concludes that Travelers has failed to meet its heavy burden of showing that there is no possibility that the Mabrys cannot succeed on their negligent procurement claim against Poe and/or the Owen Agency. The defendants have not met their burden of establishing "by clear and convincing evidence that no Alabama court could find

---

[5] In their motion to remand, the Mabrys responded to Travelers' argument by asserting that Poe and the Owen Agency negligently failed to inspect their home before procuring insurance, failed to "properly document their personal property in case Travelers later attempted to improperly deny their claim," and "helped determine the amount of coverage and provided information used during the underwriting of the policy . . . that would cover losses from theft to the Mabry's (sic) uniquely valuable collection of high-end personal property." (*Id.*) Notwithstanding the fact that the Mabrys did not allege these facts anywhere in their complaint, Travelers has framed their negligent procurement claim differently from how it is presented in the complaint.

this complaint sufficient." *Henderson*, 454 F.3d at 1284. Therefore, the court cannot concludes that the Alabama defendants Poe and/or the Owen Agency were fraudulently joined. Consequently, there is not complete diversity of the parties, and the court does not have jurisdiction over these proceedings.

## IV.  CONCLUSION

Accordingly, for the reasons as stated, it is

ORDERED and ADJUDGED that the plaintiffs' motion to remand (doc. # 15) be and hereby is GRANTED and that this case be and is hereby REMANDED to the Circuit Court of Montgomery County, Alabama.

The Clerk of the Court is DIRECTED to take the action necessary to accomplish the remand of this case to the Circuit Court of Montgomery County, Alabama.

Done this 28th day of March, 2017.

                                           /s/Charles S. Coody
                                    CHARLES S. COODY
                                    UNITED STATES MAGISTRATE JUDGE